IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS, SR., <br><br>   Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br>   Defendants. | CIVIL ACTION <br> NO. 15-3422 |

**OPINION**

**Slomsky, J.**                                                                                       **July 7, 2016**

**I.     INTRODUCTION**

   This case involves one episode in a longstanding dispute between a property owner and the City of Philadelphia. After accumulating tax liens on three properties he owned, Plaintiff Milton Thomas, Sr. sought and obtained bankruptcy protection. Some of these debts were transferred to Wachovia Bank ("Wachovia"), which was granted authorization to sell one of the properties by court order. Plaintiff responded by bringing an action against the City of Philadelphia ("the City"), the School District of Philadelphia ("the School District"), Wachovia, and other related parties. The case was transferred to the Bankruptcy Court for the Eastern District of Pennsylvania for disposition. In that case, Plaintiff requested an injunction to prevent the sale, contending that the debt was somehow discharged in bankruptcy. The bankruptcy court awarded summary judgment to the defendants, finding that the Chapter 13 bankruptcy plan which Plaintiff sought to enforce was invalid for lack of notice to certain creditors.

   Following the bankruptcy court's award of summary judgment, the City was permitted to sell one of Plaintiff's remaining properties and to collect the rents from the other. On July 8,

1

2015, Plaintiff filed the instant action pro se against the City, the School District, and the trustee who oversaw payments under his Chapter 13 plan. Plaintiff now seeks to enjoin the sale of one property and the collection of rents from the other. The City and the School District ("Defendants") moved to dismiss the Complaint on February 3, 2016. For reasons stated below, the Court will grant Defendants' motion.

## II.    BACKGROUND[1]

The present action stems from a Chapter 13 bankruptcy petition filed by Milton Thomas, Sr. on January 6, 2004, and the facts of that case are relevant to the present dispute. In re Thomas, 497 B.R. 188, 191 (Bankr. E.D. Pa. 2013). In the forms Plaintiff submitted to the Bankruptcy Court for the Eastern District of Pennsylvania, he listed the City as a creditor for real estate and water taxes due on three properties that he owned. Id. On February 22, 2005, the bankruptcy court confirmed Plaintiff's Third Amended Plan, which "provided . . . for full payment of all allowed secured claims." Id. at 192. Plaintiff did not serve the City with the bankruptcy plan "as required by Local Bankruptcy Rules." Id. at 192. On July 31, 2009, the trustee confirmed that Plaintiff had "made all of the payments required by the confirmed plan." Id. at 193. Finally, on September 8, 2009, the bankruptcy court granted Plaintiff a discharge under 11 U.S.C. §1328(a). Id. at 193.

Prior to Plaintiff's petition for bankruptcy protection, the City had transferred part of the debts from one of his properties, located at 1251 South Ruby Street in Philadelphia, PA, to the Philadelphia Authority for Industrial Development ("PAID"), which subsequently transferred them to Wachovia Bank. Id. at 191. Between 2005 and 2011, Wachovia filed multiple petitions

---

[1] The following facts are based on both the Complaint and the brief filed by Plaintiff in response to Defendants' Motion to Dismiss. Because the Complaint was filed pro se, it is held "to less stringent standards than formal pleadings by lawyers." United States v. Bradley, 505 F. App'x 220, 221 n.1 (3d Cir. 2012) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

seeking authority from the Court of Common Pleas of Philadelphia County to sell the property. Id. at 193-94. In response, on May 3, 2012, Plaintiff filed a Complaint against the City, the School District, Wachovia, PAID, and ARACOR Search & Abstract Services, Inc. in the U.S. District Court for the Eastern District of Pennsylvania. (Civil Action No. 12-cv-1600-JHS.) The Complaint asserted, inter alia, that the tax debts which Wachovia sought to collect had been fully paid through the Chapter 13 plan. In re Thomas, 497 B.R. at 194. It also implied that Wachovia's attempts to collect these debts violated the plan.[2] Id. at 195. Plaintiff requested that the court enjoin the sale of the property and award "compensatory, exemplary and treble damages." Id. at 194. In the meantime, Wachovia's interest was transferred to U.S. Bank, N.A. Id. at 195.

The action was transferred to the Bankruptcy Court for the Eastern District of Pennsylvania, which granted summary judgment in favor of U.S. Bank, N.A., the City, and the School District. (Bankruptcy No. 04-10175-ELF.) The bankruptcy court ruled on August 15, 2013 that the Chapter 13 plan was unenforceable against the City or its assignees because Plaintiff "did not serve the City with any of his proposed Chapter 13 plans prior to confirmation." In re Thomas, 497 B.R. at 205. This ruling also applied to the School District because the bankruptcy court previously noted that the City and the School District were being "collectively referred to as 'the City.'" Id. at 195.

The present action concerns two other properties belonging to Plaintiff, located at 1618 and 1620 South 58th Street in Philadelphia, PA. Since the bankruptcy court decision, the City has attempted to collect debts relating to these properties. On February 20, 2015, the City obtained

---

[2] The Complaint in this earlier suit was also filed pro se. It did not explicitly argue that the court order authorizing the sale violated Plaintiff's Chapter 13 plan, but the bankruptcy court "read the Complaint liberally" and found that it included this claim. In re Thomas, at 194.

an order from the Court of Common Pleas of Philadelphia County authorizing the sale of the property at 1620 South 58th Street.  (Doc. No. 3 at 7.)  On May 13, 2015, the City obtained an order from the same court appointing a sequestrator to collect rents for the property at 1618 South 58th Street.  (Id. at 4.)

In the Complaint filed in the instant case on July 8, 2015, Plaintiff names as Defendants the City of Philadelphia, the School District of Philadelphia, and William Miller, the Chapter 13 trustee (the "Trustee").  (Id. at 1.)  He requests that the Court enjoin both the sale of the property at 1620 South 58th Street and the collection of rents at 1618 South 58th Street.  (Id. at 2.)  He also seeks "compensatory, exemplary, and treble damages."  (Id.)  Though it does not say so explicitly, the Complaint appears to assert that the orders authorizing the sale of 1620 South 58th Street and the collection of rents from 1618 South 58th Street are in violation of the Chapter 13 plan and discharge order and therefore are unenforceable.  This inference is supported by Plaintiff's Response to Defendants' Motion to Dismiss, which states that "once the plan is confirmed and the debtor completes the payments that the plan proposed and receives a discharge and the creditor does not appeal, the order becomes a final judgment from which the creditor can no longer appeal."  (Doc. No. 23 at 2.)  Plaintiff's Response also suggests that Defendants "received adequate notice" of the Chapter 13 plan through court orders issued during the Chapter 13 proceedings that: 1) modified the City's claim; 2) ordered amendments to the plan; 3) confirmed the plan; and 4) discharged the debts.  (Id. at 1-2.)  Finally, Plaintiff's Response implies that the cramdown order[3] modifying the City's claim, issued by the bankruptcy

---

[3] A cramdown order allows a petitioner to "limit the enforceability or change the terms of a creditor's contract over the creditor's objection."  Henry J. Sommer et al., Consumer Bankruptcy Law and Practice § 11.6.1.1 (10th ed. 2012).

court on August 26, 2004, allowed Plaintiff to entirely extinguish the tax liens on the two properties. (Id. at 1.)

As stated above, on July 8, 2015, Plaintiff initiated this suit by filing the Complaint. The Trustee filed a Motion to Dismiss for Failure to State a Claim on July 29, 2015. (Doc. No. 9.) On August 5, 2015, the City and the School District filed a Motion to Dismiss for Insufficient Service under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 13.)

On October 5, 2015, Plaintiff filed a Motion for Default Judgment against the law firm of Goehring, Rutter & Boehm, a non-party to the suit. (Doc. No. 16.) On October 15, 2015, the Court held a hearing on these motions. (Doc. No. 17.) On October 19, 2015, the Court denied Plaintiff's Motion for Default Judgment against Goehring, Rutter & Boehm. (Doc. No. 18.) On the same day, the Court granted the Motion of the City and the School District, quashing Plaintiff's service and ordering that the Clerk of Court issue new summonses. (Doc. No. 19.) On October 26, 2015, the Court granted the Trustee's Motion to Dismiss. (Doc. No. 20.)

On February 3, 2016, the City and the School District moved to dismiss Plantiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 22.) On February 29, 2016, Plaintiff filed a response to Defendants' Motion. (Doc. No. 23.) On April 27, 2016, Plaintiff filed a Request for an Emergency Injunction and/or Hearing. (Doc. No. 24.) On May 16, 2016, the Court held a hearing on Defendants' Motion to Dismiss and Plaintiff's Request for an Emergency Injunction.[4] (Doc. No. 26.)

---

[4] In the Request for an Emergency Injunction, Plaintiff asks that the Court "issue [an] injunction prohibiting any further actions against the plaintiff's property and/or schedule [a] hearing disposing of this matter before the date of the scheduled sheriff sale." (Doc. No. 24 at 1.) At the May 16, 2016 hearing, in considering Plaintiff's Request, the Court asked that the scheduled sale of Plaintiff's property at 1618 South 58th Street be postponed. Counsel for Defendants agreed to postpone the sale pending the Court's decision in this case. (Hr'g Tr. at 28:12-24, May 16, 2016.)

## III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

6

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.  ANALYSIS

Defendants' Motion to Dismiss is based on the theory that Plaintiff's claim is precluded by the previous decision of the bankruptcy court under the principles of res judicata.[5] (Doc. No. 22-1 at 3.) Read in the light most favorable to Plaintiff, the Complaint asserts that Plaintiff's complete payments to creditors prevent them from taking any action to collect debts covered by Plaintiff's Chapter 13 plan. In their Motion to Dismiss, Defendants contend that "the principles of claim preclusion, otherwise known as res judicata, require a Court to give effect to a final judgment involving the same parties." (Id.) They argue that the bankruptcy court's previous ruling that the Chapter 13 plan was unenforceable against the City and the School District has preclusive effect in this action. (Id.) The Court agrees, and for reasons that follow, the Motion to Dismiss will be granted.

---

[5] Additionally, Defendants seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) because it "lacks a short and plain statement of the claim." (Doc. No. 22-1 at 4.) Defendants also ask that the portion of the Complaint requesting injunctive relief be dismissed because the sale of the property at 1620 South 58th Street on July 21, 2015 and the City's decision to cease collecting rents from the property at 1618 South 58th Street make Plaintiff's request moot. (Id. at 7.) Alternatively, Defendants ask that the Court order that Plaintiff provide "a more definite statement of a pleading" under Federal Rule of Civil Procedure 12(e). (Id.) Because Plaintiff's claim is barred by the principles of res judicata, the Court need not address these arguments.

"*[R]es judicata*, although an affirmative defense, may be raised in a Rule 12(b)(6) motion." Tyler v. O'Neill, 52 F. Supp. 2d 471, 473-74 (E.D. Pa. 1999). The doctrine of res judicata

> gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.

Bd. of Trs. of Trucking Emps. of N.J. Welfare Fund, Inc. - Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992).

Courts need not apply these requirements strictly:

> In analyzing whether these three elements have been met, we "[do] not apply this conceptual test mechanically, but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit. In so doing, we avoid piecemeal litigation and conserve judicial resources."

Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014) (internal citations omitted).

The Third Circuit has developed a four-factor test for determining when a claim is based on the same cause of action as a previous suit:

> We further have explained that "[w]e take a 'broad view' of what constitutes the same cause of action" and that "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." In analyzing essential similarity, we consider several factors: "(1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same. It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions."

Blunt, 767 F.3d at 277 (internal citations omitted); see also Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988) (explaining that the presence of new defendants in a subsequent suit does not create a new cause of action).

This case meets the requirements for the application of res judicata. First, the summary judgment issued in Defendants' favor by the bankruptcy court on August 15, 2013 in In re Thomas qualifies as a judgment on the merits. Second, the parties in the present suit are the same as, or are in privity with, the parties in the previous suit in bankruptcy court. The plaintiff is the same in both cases, the City and the School District were both defendants in the 2012 suit, and the City was in privity with the other defendants in that suit because they were assignees of Plaintiff's debts. In re Thomas, 497 B.R. at 191, 195. All four defendants had the same interest in collecting portions of the delinquent real estate taxes from the property at 1251 South Ruby Street through a sale.

Finally, the events giving rise to both claims are essentially similar, thereby meeting the standard recognized by the Third Circuit for the third element of res judicata. Several of the Blunt factors are relevant. Plaintiff alleges the same type of conduct by Defendants that he identified in the first suit, and at trial, this suit would require roughly the same set of documents as the previous one. Moreover, the instant case and the one in the bankruptcy court are essentially similar. Plaintiff is claiming for a second time that the City and the School District are unlawfully violating his Chapter 13 plan, and he seeks the same kind of relief: damages and an injunction preventing the sale of one property and sequestration of rents from the other. The rights that Plaintiff asserts are entirely dependent on the bankruptcy plan that was the subject of the previous suit. The fact that the 2012 suit involved one of his properties, while the instant one concerns two other properties, is of no significance. Res judicata applies not only to issues that were litigated, but also to those that "could have been raised in the earlier proceeding." Centra, 983 F.2d at 504. Thus, Plaintiff is bound by the ruling of the bankruptcy court that the Chapter

13 plan was unenforceable against the City of Philadelphia and the School District of Philadelphia. Accordingly, the doctrine of res judicata applies here.

For these reasons, the judgment of the bankruptcy court in In re Thomas bars the claim that Plaintiff now seeks to bring against the City and the School District.

## V.    CONCLUSION

The Motion to Dismiss of the City of Philadelphia and the School District of Philadelphia (Doc. No. 22) will be granted. An appropriate Order follows.