IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS, SR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 15-3422 |

## **[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2017, upon consideration of the Defendants' Motion to Confirm Stay of Judgment of Execution Pending Appeal, and all responses thereto, it is hereby ORDERED that the Motion is GRANTED. Payment of the sanction imposed by the Court on the Defendants is stayed pending resolution of the parties' appeal and cross appeal. Defendants need not post bond.

BY THE COURT:

_____
JOEL H. SLOMSKY, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS, Sr.<br><br>vs.<br><br>CITY OF PHILADELPHIA, and PHILADELPHIA SCHOOL DISTRICT | Civil Action<br>No. 15-3422 |
| DEFENDANTS' MOTION TO CONFIRM STAY OF EXECUTION PENDING APPEAL | |

Defendants ask this Court to stay enforcement of its sanctions award during the pendency of Plaintiff's appeal and Defendants' cross appeal of the sanctions order without requiring the Defendants to post bond.

    Respectfully submitted,

    /s/ Daniel J. Auerbach
Daniel J. Auerbach (Pa. I.D. No. 316856)
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5461
daniel.auerbach@phila.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS, Sr.<br><br>vs.<br><br>CITY OF PHILADELPHIA, and PHILADELPHIA SCHOOL DISTRICT | Civil Action<br>No. 15-3422 |
| MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONFIRM STAY OF EXECUTION PENDING APPEAL | |

Defendants seek a stay of the enforcement of this Court's sanctions award which Plaintiff now appeals and the Defendants cross appeal. Under Rule 62(f), the Defendants have an automatic stay of the sanctions award. Pennsylvania law—to which the Rules of Civil Procedure defer—entitles government defendants to an automatic stay of judgments against them when they appeal.

If this Court rejects the Defendants' argument for an automatic stay, then they ask this Court to exercise its discretion to grant the Defendants a stay without bond under Rule 62(d).

If this Court rejects the Defendants' other two arguments, then they ask this Court to recognize that they are entitled to an automatic stay because Plaintiff is appealing a judgment in his favor and so should not get the benefit of the judgment during his appeal.

## BACKGROUND

Milton Thomas alleged that City and School District (collectively, the "government") unlawfully sold one of his properties at sheriff's sale. He alleged that the government's actions violated the terms of his bankruptcy plan and discharge. After an evidentiary hearing, this Court agreed. It sanctioned the government $10,100. This order was the final resolution of Mr. Thomas's suit.

The order required the government to make payment by October 2, 2017.

Mr. Thomas appealed the order on September 14, 2017. The government cross appealed on September 22, 2017.

## ARGUMENT

The government asks this Court to recognize that it is entitled to an automatic stay, or to exercise its discretion to grant a discretionary stay without bond.

### I. Pennsylvania law entitles the government to a stay without posting bond.

The government is entitled to a stay without bond under FED. R. CIV. P. 62(f), which states:

> STAY IN FAVOR OF A JUDGMENT DEBTOR UNDER STATE LAW. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

To show that it is entitled to a stay under Rule 62(f), the government must show two things: (1) that this Court's award creates a lien on the government's

property; and (2) that Pennsylvania law entitles the government to a stay. Both are the case.

*First*, Pennsylvania law states that any order requiring a defendant to pay money creates a lien on the defendant's property. *See* 42 PA. CONS. STAT. § 4303 ("Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property [on conditions prescribed by the Pennsylvania Supreme Court by rule of civil procedure]."); 42 PA. CONS. STAT. § 4305 (stating that federal judgments are a lien in the same manner as Pennsylvania judgments, except that there is no requirement that they be filed with the prothonotary of the county in which they are decided); *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 750 (E.D. Pa. 2008) (relying on § 4303 to find that the first requirement of Rule 62(f) was satisfied); *McKenna v. City of Philadelphia*, Nos. 98-5835 & 99-1163, 2010 WL 2891591, *20 (E.D. Pa. July 20, 2010) (same); *McDonald v. McCarthy*, No. 89-319, 1990 WL 165940, *1 (E.D. Pa. Oct. 22, 1990) (same).

Second, Pennsylvania law entitles the government to an automatic stay without bond. Pennsylvania law provides any "political subdivision" with this relief whenever it appeals. PA. R. APP. P. 1736. Pennsylvania presumes that political subdivisions will have the resources to pay judgments entered against them. *See* 1976 Explanatory Comment to PA. R. APP. P. 1737; *Rickert v. Latimore Township*, 960 A.2d 912, 913–14, 914 n.23 (Pa. Commw. Ct. 2008). Both the City and School District are "political subdivision[s]" for this purpose. *Wheels*

*Mechanical Contracting & Supplier, Inc. v. West Jefferson Sch. Dist.*, 156 A.3d 356, 360 (Pa. Commw. Ct. 2017) (school districts); *Public Advocate v. Phila. Gas. Comm'n.*, 646 A.2d 19, 21 (Pa. Commw. Ct. 1994) (City of Philadelphia).

In sum, Rule 62(f) entitles the government to the "same stay" that it would get in state court—a stay pending the resolution of the appeal without bond. *See Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 750 (E.D. Pa. 2008) (providing this relief); *McKenna v. City of Philadelphia*, Nos. 98-5835 & 99-1163, 2010 WL 2891591, *20 (E.D. Pa. July 20, 2010) (same); *McDonald v. McCarthy*, No. 89-319, 1990 WL 165940, *1 (E.D. Pa. Oct. 22, 1990) (same).

## II. Alternatively, the government asks this Court to exercise its discretion to grant a stay under Rule 62(d) and waive the posting of bond.

If this Court does not agree that the government is entitled to an automatic stay under Rule 62(f), then the government requests a stay without bond under Rule 62(d) because the posting of bond would serve no purpose here.

This Court has discretion to provide a stay without bond under FED. R. CIV. P. 62(d), weighing the following factors:

1. "the complexity of the collection process";
2. "the amount of time required to obtain a judgment after it is affirmed on appeal";
3. "the degree of confidence that the district court has in the availability of funds to pay the judgment ";
4. "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and

– 4 –

> 5. "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position."

*Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988); *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (relying on *Dillon*).

Here, the government can without difficulty pay a $10,100 judgment if the Third Circuit affirms. The City maintains a separate Indemnities Fund to pay legal claims.[1] Requiring bond serves no purpose here given that there already exists a dedicated fund that is more than adequate to pay any judgment.

Accordingly, if this Court rejects the government's arguments that it is entitled to an automatic stay without bond, then the government asks this Court to provide a discretionary stay without bond under Rule 62(d).

### III. Alternatively, Mr. Thomas is not entitled to the benefit of a judgment he contends is error.

Lastly, if this Court rejects the government's other arguments, the government is entitled to an automatic stay because Mr. Thomas appeals a judgment in his favor. He should not get the benefit of a judgment that he now challenges.

---

[1] *See* City of Philadelphia, Five Year Financial & Strategic Plan for FY 2016–2020 at page 304, Appendix II, General Fund: Summary by Department – Finance: Indemnities (2015) (listing past and planned future funding of the City's "Indemnities" fund, in excess of $30 million per year), *available at* tinyurl.com/yapjv4ac (last visited Sept. 21, 2017).

The Supreme Court explained this principle in *Bronson v. La Crosse & Milwaukee R.R. Co.*, 68 U.S. 405 (1863). There, a district court ordered that lenders could foreclose on a railroad's mortgages. Upset by some aspect of the ruling, the lenders appealed. During the appeal, the district court permitted the lenders to take control of their security. The Supreme Court found that this was error. Because the lenders appealed the decree, the district court could not properly enforce it: "[I]t would be against all reason and principle to permit [the lenders] to proceed in the execution of [the decree] . . . . The appeal suspends the execution of the decree." *Id.* at 406–10.

Courts today rely on *Bronson* to find that, if a plaintiff appeals a judgment in his favor, then the judgment is automatically stayed and the defendant need not post bond. *Tennessee Valley Authority v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986); *Sealover v. Carey Canada*, 806 F. Supp. 59, 61–62 (M.D. Pa. 1992); *Advent Systems Ltd. v. Unisys Corp.*, No. 88-3100, 1990 WL 20192, *1 (E.D. Pa. Mar. 1, 1990); *see also Price v. Franklin Invest. Co.*, 574 F.2d 594, 598 (D.C. Cir. 1978) ("It is a settled rule of law that a litigant may not accept all or a substantial part of the benefit of a judgment and subsequently challenge the unfavorable aspects of that judgment on appeal."); *Fidelcor Mortg. Corp. v. Ins. Co. of N. Am.*, 820 F.2d 367, 369–70 (11th Cir. 1987) ("[O]ne who accepts the fruits of a judgment may not appeal from that judgment.").

## CONCLUSION

The government asks this Court to stay enforcement of its sanctions award pending appeal without requiring the government to post bond.

Respectfully submitted,

   /s/ Daniel J. Auerbach
Daniel J. Auerbach (Pa. I.D. No. 316856)
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5461
daniel.auerbach@phila.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS, Sr.<br><br>vs.<br><br>CITY OF PHILADELPHIA, and PHILADELPHIA SCHOOL DISTRICT | Civil Action<br>No. 15-3422 |
| CERTIFICATE OF SERVICE | |

I hereby certify that, on September 25, 2017, I filed this Motion to Confirm Stay Pending Appeal through this Court's electronic-filing system and that it is available for downloading. I further certify that, on September 25, 2017, I caused this Notice of Cross Appeal to be mailed to:

Milton Thomas
140 West Spencer Avenue
Philadelphia, PA 19120

*Plaintiff pro se*

Respectfully submitted,

    /s/ Daniel J. Auerbach
Daniel J. Auerbach (Pa. I.D. No. 316856)
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5461
daniel.auerbach@phila.gov

*Counsel for Defendants*

Dated: September 25, 2017